United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RICKLEFFS,<br><br>    Plaintiff,<br><br>    v.<br><br>LIEUTENANT TERRY,<br><br>    Defendant. | Case No. 17-CV-03065 LHK (PR)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; REFERRING CASE TO SETTLEMENT; INSTRUCTIONS TO CLERK**<br><br>Re: Dkt. Nos. 12, 13 |

Plaintiff, a California state pretrial detainee proceeding *pro se*, has filed a civil rights complaint, pursuant to 42 U.S.C. § 1983. In the complaint, plaintiff alleges that defendant Lieutenant Terry violated plaintiff's right to due process. Defendant has filed a motion for summary judgment. Plaintiff has filed an opposition, and defendant has filed a reply. Plaintiff has also filed a motion to compel discovery, to which defendant has filed an opposition. Based on defendant's opposition, plaintiff's motion to compel is DENIED as moot. For the reasons stated below, defendant's motion for summary judgment is GRANTED in part and DENIED IN PART.

**BACKGROUND**

The following facts are viewed in the light most favorable to plaintiff.

On June 6, 2016, plaintiff was housed at the San Francisco County Jail in San Bruno. Plaintiff was housed in Pod 3B Jail 5. Terry Decl. ¶ 7. Pod 3B houses administrative segregation inmates. *Id.* The decision to house plaintiff without cellmates in administrative segregation was made by the classification unit. *Id.*

On the evening of June 6, 2016, plaintiff had returned to the San Francisco County Jail in San Bruno after a third unsuccessful trip to the San Francisco County main jail in order to attend a medical appointment he had at San Francisco General Hospital. Dkt. No. 1 at 7-8. Upon his return to the San Francisco County Jail in San Bruno, plaintiff was placed back into Pod 3B. *Id.* at 8. Plaintiff was frustrated and "pissed off at the situation" because he had missed his medical appointment twice before. Pl. Depo. at 93:14-16, 93:25-94:12. Plaintiff wanted to speak to defendant about the continued missed appointments. Dkt. No. 1 at 9. Defendant appeared to have a negative attitude about plaintiff's complaints. *Id.* At one point, defendant suggested that plaintiff have plaintiff's lawyer handle the issue, and eventually asked plaintiff what plaintiff was going to do "with this government against [him]?" *Id.* at 11. Defendant told plaintiff, "I'm going to give you a real quiet place, to think what [] you are gonna do with this government against you." *Id.* at 12. Defendant ordered plaintiff to pack up plaintiff's things. *Id.*

According to defendant, some time that same day, defendant had been told that plaintiff had made threats to medical staff. Terry Decl. ¶ 3. Defendant had also observed plaintiff yelling, swearing, and kicking the cell door. *Id.* ¶ 4. Other inmates were yelling back at plaintiff to "shut up" because plaintiff was agitating them. *Id.* Defendant determined that because plaintiff was being disruptive, plaintiff should move to another housing unit. *Id.* ¶ 5.

Case No. 17-CV-03065 LHK (PR)
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; REFERRING CASE TO SETTLEMENT; INSTRUCTIONS TO CLERK

2

As an administrative segregation inmate in Pod 3B, plaintiff is allowed out of his cell for approximately 30 minutes per day by himself. Terry Decl. ¶ 8. Plaintiff was escorted to Pod 2A, which is a disciplinary isolation pod. Dkt. No. 1 at 12. Plaintiff was still classified as an administrative segregation inmate although he was moved to Pod 2A. Terry Decl. ¶ 7. Plaintiff remained in Pod 2A from June 6, 2016 through June 13, 2016. Dkt. No. 1 at 13. On June 13, 2016, non-defendant Lieutenant Colmanero placed plaintiff back into Pod 3B. *Id.*

Plaintiff alleges that defendant's order placing plaintiff in Pod 2A on June 6, 2016, equated to punishment, in violation of plaintiff's right to due process. Dkt. No. 1 at 5. In addition, plaintiff alleges that defendant violated his right to due process by failing to give plaintiff a "Request for Discipline" or written notice of the disciplinary violation, as well as other procedural protections. *Id.* at 5-6.

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant moves for summary judgment on the merits and based on qualified immunity. In the alternative, defendant argues that plaintiff's requests for emotional distress and punitive damages fail. For the reasons stated below, the court grants in part and denies in part defendant's motion for summary judgment.

I.  Standard of review

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine dispute as to any material fact and [that] the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.*

Case No. 17-CV-03065 LHK (PR)
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; REFERRING CASE TO SETTLEMENT; INSTRUCTIONS TO CLERK

3

The court will grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial [,] . . . since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The moving party bears the initial burden of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Id.* The burden then shifts to the nonmoving party to "go beyond the pleadings, and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *See id.* at 324 (internal quotations omitted).

For purposes of summary judgment, the court must view the evidence in the light most favorable to the nonmoving party; if the evidence produced by the moving party conflicts with evidence produced by the nonmoving party, the court must assume the truth of the evidence submitted by the nonmoving party. *See Leslie v. Grupo ICA*, 198 F.3d 1152, 1158 (9th Cir. 1999). The court's function on a summary judgment motion is not to make credibility determinations or weigh conflicting evidence with respect to a disputed material fact. *See T.W. Elec. Serv. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

II. Analysis

The Due Process Clause of the Fourteenth Amendment of the United States Constitution protects individuals against governmental deprivations of life, liberty or property without due process of law. When a pretrial detainee challenges conditions of his confinement, "the proper inquiry is whether those conditions amount to punishment," because the Due Process Clause does not permit punishment "prior to an adjudication of guilt in accordance with due process of law." *Bell v. Wolfish*, 441 U.S. 520, 535-36 (1979). Disciplinary segregation as punishment for a

Case No. 17-CV-03065 LHK (PR)
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; REFERRING CASE TO SETTLEMENT; INSTRUCTIONS TO CLERK

4

violation of jail rules and regulations cannot be imposed without due process, i.e., without complying with the procedural requirements of *Wolff v. McDonnell*, 418 U.S. 539 (1974). *See Mitchell v. Dupnik*, 75 F.3d 517, 523-26 (9th Cir. 1996).

Not every inconvenience, restriction, disability or other unfavorable condition that occurs "during pretrial detention amounts to 'punishment' in the constitutional sense." *Bell*, 441 U.S. at 537. To determine whether a condition imposed on a pretrial detainee amounts to such punishment, the court looks to whether the condition is "imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose." *Id.* at 538. Absent a showing of an "expressed intent to punish" by the jailers, whether a restriction amounts to punishment generally turns on whether there is an alternative purpose to which the condition rationally may be connected, and whether the restriction appears excessive in relation to that purpose. *Id.* "[I]f a restriction or condition is not reasonably related to a legitimate goal – if it is arbitrary or purposeless – a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees qua detainees." *Id.* at 539. It is recognized that the government has "legitimate interests that stem from its need to manage the facility in which the individual is detained." *Id.* at 540. For example, jailers "must be able to take steps to maintain security and order" at the jail, so restraints that are reasonably related to these goals are not, without more, unconstitutional punishment. *Id.*

Here, neither party argues that defendant expressed an intent to punish. Defendant has the burden of presenting evidence that he did not place plaintiff into Pod 2A to punish him, and instead did so to maintain order in the jail because plaintiff was disrupting the other inmates. Defendant proffers that he moved plaintiff to Pod 2A because plaintiff was disturbing and agitating the other inmates. Terry Decl. ¶ 5. According to defendant, the move was "necessary to maintain jail order" and was not a disciplinary measure. *Id.* Defendant declares that Pod 2A

Case No. 17-CV-03065 LHK (PR)
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; REFERRING CASE TO SETTLEMENT; INSTRUCTIONS TO CLERK

houses not only inmates receiving discipline, but also inmates in administrative segregation who are not disciplined. *Id.* ¶ 9.

On the other hand, plaintiff provides evidence that Pod 2A in fact only houses inmates for discipline, that Pod 2A is called the "disciplinary isolation pod" or "lock up," and that administrative segregation inmates are never placed in Pod 2A unless they are being disciplined.[1] Dkt. No. 18 ("Opp.") at 53, 54, 70-75. As further support, plaintiff submits evidence that on the day plaintiff moved from Pod 3B to Pod 2A, underneath the heading "Prisoner Discipline Issued," the jail form states that plaintiff "has had issues with other inmates in 3B, and after multiple orders to be quiet, he was moved to 2A." *Id.* at 50. In addition, plaintiff provides evidence that the move to Pod 2A was intended for 60 days, but one of the other officers "corrected" the situation and moved plaintiff back to Pod 3B after only one week. *Id.* at 57, Dkt. No. 1 at 13.

Based on this record, the court finds that there is a material question of fact as to whether defendant's order to place plaintiff into Pod 2A for 60 days constituted punishment, in violation of plaintiff's right to due process. Accordingly, defendant's motion for summary judgment is denied.

In the alternative, defendant argues that he is entitled to qualified immunity because no reasonable officer would have believed that moving plaintiff to another housing unit to maintain order in the jail was clearly unlawful. The defense of qualified immunity protects "government officials . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."

---

[1] Defendant argues that many of plaintiff's exhibits attached to his opposition contain inadmissible hearsay and should not be considered by the court. However, case law is clear that "the nonmoving party need not produce evidence in a form that would be admissible at trial in order to avoid summary judgment," *Fed. Deposit Ins. Corp. v. N.H. Ins. Co.*, 953 F.2d 478, 485 (9th Cir. 1991), as long as the contents of the evidence are admissible in some other form. *Fraser v. Goodale*, 342 F.3d 1032, 1036-37 (9th Cir. 2003). There is no evidence that the contents of plaintiff's exhibits would not be admissible in a different form at trial. Therefore, the court will consider portions of plaintiff's exhibits as needed.

Case No. 17-CV-03065 LHK (PR)
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; REFERRING CASE TO SETTLEMENT; INSTRUCTIONS TO CLERK

6

*Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The rule of qualified immunity protects "'all but the plainly incompetent or those who knowingly violate the law;'" defendants can have a reasonable, but mistaken, belief about the facts or about what the law requires in any given situation. *Saucier v. Katz*, 533 U.S. 194, 202 (2001) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

A court considering a claim of qualified immunity must determine whether the plaintiff has alleged the deprivation of an actual constitutional right and whether such right was clearly established such that it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009). "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Saucier*, 533 U.S. at 201.

"[A] right is clearly established only if its contours are sufficiently clear that 'a reasonable official would understand that what he is doing violates that right.' In other words, 'existing precedent must have placed the statutory or constitutional question beyond debate.'" *Carroll v. Carman*, 135 S. Ct. 348, 350 (2014) (citations omitted). The inquiry of whether a constitutional right was clearly established must be undertaken in light of the "specific context" of the case, not as a broad general proposition. *Saucier*, 533 U.S. at 202. It is plaintiff's burden to prove the existence of a "clearly established" right at the time of the challenged conduct. *Maraziti v. First Interstate Bank*, 953 F.2d 520, 523 (9th Cir. 1992). The defendant bears the burden of establishing that his actions were reasonable, even if he violated the plaintiff's constitutional rights. *Doe v. Petaluma City School Dist.*, 54 F.3d 1447, 1450 (9th Cir. 1995).

It is clearly established that a pretrial detainee "may be subjected to disciplinary segregation only with a due process hearing to determine whether [he has] in fact violated any rule." *Mitchell v. Dupnik*, 75 F.3d 517, 524 (9th Cir. 1996). This arises from the principle that "a

Case No. 17-CV-03065 LHK (PR)
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; REFERRING CASE TO SETTLEMENT; INSTRUCTIONS TO CLERK
7

detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." *Id.* (citing *Bell*, 441 U.S. at 535). Viewing the facts in the light most favorable to plaintiff, as the court must, defendant has not demonstrated that punishing plaintiff by moving plaintiff into disciplinary isolation Pod 2A from June 6, 2016 through August 7, 2016 without due process protections was reasonable. Defendant is not entitled to qualified immunity.

Defendant's motion for summary judgment on the merits and based on qualified immunity is DENIED.

III. Punitive damages and emotional distress

Defendant argues that the court should dismiss plaintiff's request for punitive damages. Punitive damages may be awarded in a Section 1983 suit "when defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983). Defendant contends that plaintiff has not alleged facts sufficient to show reckless or callous indifference. Liberally construing plaintiff's complaint, the court disagrees. Taking plaintiff's allegations as true, the facts lead to a reasonable inference that defendant acted recklessly or with callous indifference. Accordingly, defendant's motion for summary judgment as to plaintiff's request for punitive damages is DENIED.

Defendant argues that plaintiff's request for damages for emotional distress should be dismissed because plaintiff fails to allege any physical injury. The court agrees. A prisoner cannot recover compensatory damages based on mental or emotional injury as a result of a procedural due process violation without a showing of physical injury. *See Oliver v. Keller*, 289 F.3d 623, 630 (9th Cir. 2002) ("The district court correctly interpreted § 1997e(e) to require a showing of more than de minimis physical injury in order to recover compensatory damages for mental or emotional injury."). The physical injury requirement only applies to claims for mental

Case No. 17-CV-03065 LHK (PR)
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; REFERRING CASE TO SETTLEMENT; INSTRUCTIONS TO CLERK

8

and emotional injuries, however, and does not bar an entire action for a violation of a constitutional right. *See id.* at 630.

Section 1997e(e) provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury." In order to recover damages based on emotional injury, a prisoner must show that the alleged violation resulted in some physical injury, *see Zehner v. Trigg*, 952 F. Supp. 1318, 1323 n.3 (S.D. Ind. 1997), and that physical injury was sufficiently distinct from the emotional distress, *see Davis v. District of Columbia*, 158 F.3d 1342, 1349 (D.C. Cir. 1998).

Here, plaintiff alleges that after defendant ordered plaintiff to pack up his belongings, plaintiff was in such a rush that he slipped and sat down hard on his bunk. In doing so, plaintiff re-injured his tailbone and aggravated a pre-existing back injury. Plaintiff cannot claim that these self-inflicted physical injuries were the result of defendant's alleged due process violation. The alleged due process violation did not even occur until plaintiff was placed into Pod 2A, which was after plaintiff slipped and fell.

Because plaintiff has not alleged that he suffered a physical injury stemming from the alleged due process violation, plaintiff has not satisfied Section 1997e(e). *See Zehner*, 952 F. Supp. at 1323 n.3 ("a prisoner could not recover damages for mental or emotional injury unless the plaintiff could also prove physical injury from the defendant's wrong"); *Matagrano v. New York State Dep't of Corr.*, No. 98 CIV. 428, 1999 WL 675974, *2 (S.D.N.Y. Aug. 31, 1999) ("Here, plaintiff fails to demonstrate that he has suffered any sort of physical injury, other than those that were self-inflicted. He has not shown a physical injury caused by unlawful conduct, or by wrongs committed by defendants."); *cf. White v. Roper*, 901 F.2d 1501, 1505 (9th Cir. 1990) (recognizing that to establish a civil rights violation, the plaintiff must show that the defendants' alleged unconstitutional conduct was the actual and proximate cause of his injuries).

Case No. 17-CV-03065 LHK (PR)
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; REFERRING CASE TO SETTLEMENT; INSTRUCTIONS TO CLERK

9

Thus, to the extent that plaintiff requests damages for emotional distress, his request is barred by Section 1997e(e). However, to the extent plaintiff's request for damages is premised on the alleged due process violation, and not on any emotional or mental distress suffered as a result, Section 1997e(e) is inapplicable and those requests are not barred. *See Oliver*, 289 F.3d at 630. Defendant's motion for summary judgment as to plaintiff's request for damages for emotional distress is GRANTED.

IV.     Referral to pro se prison settlement program

The court finds good cause to refer this matter to U.S. Magistrate Judge Illman for settlement proceedings on the due process claim discussed above. The proceedings will consist of one or more conferences as determined by Judge Illman. The conferences shall be conducted with all interested parties or their representatives, attending by videoconferencing if they so choose. If these settlement proceedings do not resolve this matter, the court will consider appointing counsel for plaintiff and set this matter for trial.

**CONCLUSION**

1.      Defendant's motion for summary judgment on the merits and based on qualified immunity is DENIED. Defendant's motion for summary judgment as to plaintiff's request for punitive damages is DENIED. Defendant's motion for summary judgment as to plaintiff's request for damages for emotional distress is GRANTED. Plaintiff's motion to compel is DENIED as moot.

2.      The instant case is REFERRED to U.S. Magistrate Judge Illman for settlement proceedings on the due process claim. The proceedings shall take place within **ninety (90) days** of the filing date of this order. Judge Illman shall coordinate a time and date for a settlement conference with all interested parties or their representatives and, within **ten (10) days** after the

Case No. 17-CV-03065 LHK (PR)
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; REFERRING CASE TO SETTLEMENT; INSTRUCTIONS TO CLERK

10

conclusion of the settlement proceedings, file with the court a report regarding the prisoner settlement proceedings.

3. The instant case is STAYED pending the settlement conference proceedings. The clerk shall ADMINISTRATIVELY CLOSE this case until further order of the court.

**IT IS SO ORDERED.**

DATED: 7/19/2018

*Lucy H. Koh*
LUCY H. KOH
UNITED STATES DISTRICT JUDGE

Case No. 17-CV-03065 LHK (PR)
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; REFERRING CASE TO SETTLEMENT; INSTRUCTIONS TO CLERK

11